UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARCIA RITCHEA | CIVIL ACTION |
| VERSUS | NO. 24-2557 |
| THE NATIONAL WORLD WAR II MUSEUM, INC. | SECTION M (3) |

### ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendant, the National World War II Museum, Inc. ("the museum"), arguing that it is entitled to summary judgment on plaintiff Marcia Ritchea's claims that the museum committed Family and Medical Leave Act ("FMLA") interference, that it failed to engage in an interactive process and provide a reasonable accommodation for Ritchea's mental health condition in violation of the Americans with Disabilities Act ("ADA"), that it retaliated against her in violation of the ADA, and that it retaliated against her in violation of Title VII of the Civil Rights Act of 1964.[1]

On Ritchea's FMLA interference claim, the museum argues that it is entitled to summary judgment because Ritchea cannot prove a necessary element of the *prima facie* claim – her entitlement to FMLA leave – because she was not receiving medical care during the relevant time period and that she felt able to fully perform her job duties.[2] Even if she was entitled to FMLA leave, the museum contends, it provided a legitimate and non-discriminatory reason for Ritchea's termination because it believed, in good faith, that Ritchea lied about her need for leave, and it asserts that Ritchea cannot show its reason for termination was pretextual.[3] Next, the museum

---

[1] R. Doc. 25.
[2] R. Doc. 25-1 at 11-14.
[3] *Id.* at 14-17.

argues that it is entitled to summary judgment on Ritchea's ADA violation claim because, it says, she cannot show that the museum "'failed to make reasonable accommodations'" for her limitations, as it immediately granted her request for time off, and she did not request any other accommodations.[4] Finally, the museum argues that it is entitled to summary judgment on both of Ritchea's retaliation claims because it provides a non-retaliatory reason, loss of trust, for Ritchea's termination,[5] and Ritchea cannot establish that the museum's reason is pretextual because she cannot show that the adverse employment action would not have occurred but for the protected activity.[6]

Ritchea responds in opposition, pointing to disputed issues of material fact with respect to each argument.[7] First, regarding the museum's argument that she cannot show she was entitled to FMLA leave, Ritchea argues that a letter provided by Dr. Richard Carr creates a genuine dispute of material fact as to whether she had a "serious health condition."[8] Further, Ritchea argues that her request for help due to her mental health condition creates a genuine dispute of material fact as to whether she was unable to perform her job functions.[9] Ritchea asserts that the museum's "loss of trust" justification for her termination is undermined by her consistent and forthright disclosure of her "spiraling" mental health condition as the basis for her leave.[10] Then, regarding the museum's argument that she cannot show an ADA violation, Ritchea responds that a reasonable jury could find that the museum's grant of time off based on her father's physical health condition rather than her mental health condition, when Ritchea was requesting help for her own condition, was an insufficient accommodation and was not responsive to Ritchea's disability-

---

[4] *Id.* at 20-23 (quote at 21) (quoting *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 587 (5th Cir. 2020)).
[5] *Id.* at 23-24.
[6] *Id.* at 24-25.
[7] R. Doc. 29.
[8] *Id.* at 15.
[9] *Id.* at 15-16.
[10] *Id.* at 16-17.

related needs.[11]  Finally, Ritchea argues that a reasonable jury could find that the museum's investigation of her condition was not meaningful and thus was pretextual.[12]  She further argues that the timing and nature of the museum's actions indicate that they arose directly as a result of her protected activity – her complaint about racially inappropriate comments made by a supervisor and her request for help for her mental health condition – and therefore were pretextual.[13]  The museum replies in further support of its motion, arguing that Ritchea has not created a genuine dispute of material fact on each claim.[14]

Having considered the parties' memoranda, the record, and the applicable law, the Court finds that Ritchea has identified genuine issues of material fact, citing and supplying sufficient supporting evidence, to preclude summary judgment.  Accordingly,

IT IS ORDERED that the museum's motion for summary judgment (R. Doc. 25) is DENIED, because there are disputed issues of material fact regarding each of Ritchea's claims against the museum.

New Orleans, Louisiana, this 7th day of October, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[11] *Id.* at 20-21.
[12] *Id.* at 23-24.
[13] R. Doc. 29 at 22-24.
[14] R. Doc. 30.